IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN S. JACKSON                        *
        Petitioner,
    v.                                   *    CIVIL ACTION NO. RDB-15-1761

STATE OF MARYLAND                  *
        Respondent.
                                            *****

## MEMORANDUM OPINION

On June 15, 2015, Kevin Jackson, who is confined at the Clifton T. Perkins State Hospital Center, filed this action captioned as a "Habeas Corpus & Coram Nobis" Petition. ECF No. 1. The document is far from a model of clarity. First, Jackson cites to state statutes dealing with habeas corpus and coram nobis relief. Next, he claims that in 1994 he was charged in state court with attempted murder and carjacking and erroneously entered a not criminally responsible plea due to his having a medication-induced altered state of awareness. Jackson further contends that in October of 2009, he was charged with assault with intent to murder a nurse at Springfield Hospital Center in Carroll County, Maryland, but claims that the 2009 charge "has become moot" because it is in violation of his speedy trial rights.[1] Jackson further makes wild and fanciful claims about body secretions in his food and unnecessary blood testing due to his Hebrew race and "Tetragrammatism" creed. He also discusses the drug habit of his wife and concubine. *Id*.

According to the Maryland Judiciary website, in June of 1996, Jackson was found not criminally responsible ("NCR") of attempted murder (two counts), assault with intent to rob, carjacking and use of a handgun in the commission of a crime and committed to the Maryland Department of Health & Mental Hygiene ("MDHMH"). *See State v. Jackson*, Case Numbers

---

[1]      Jackson claims that Carroll County Circuit Court Judge Michael M. Galloway deprived him

594130001, 594130002, 594130003, & 594130005 (Circuit Court for Baltimore City). Further, the state court docket additionally reveals that in 2009, Jackson was charged with multiple counts of attempted first- and second-degree murder, first- and second-degree assault, weapons, and reckless endangerment charges in the Circuit Court for Carroll County and found incompetent to stand trial in 2010.  *See State v. Jackson*, Case Number 06K09039608 (Circuit Court for Carroll County).  The docket shows that Jackson received subsequent competency monitoring evaluations and hearings.  A hearing is currently scheduled in September of 2015, on Jackson's motion to dismiss.  This matter has been construed as a 28 U.S.C. § 2241 Petition for habeas corpus relief.

Maryland law authorizes the commitment of one who has been adjudicated incompetent to stand trial and a danger to oneself or others due to mental disorders.  Jackson offers no justiciable reasons why the court should take review over this habeas action.   Thus, to the extent that he is challenging the NCR and commitment findings associated with his 1996 charges, he must first exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

 Further, insofar as Jackson seeks federal court intervention as to his 2009 Carroll County criminal charges, his claims for habeas corpus relief shall be dismissed.   Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings.  *See*

---

of a speedy trial and imposed a detainer on him without due process of law.

*Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). The abstention doctrine of *Younger* establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam). In the pre-trial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-90 (1973).

Further, pre-trial habeas relief is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks any definition, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. De Young,* 515 F.2d 437, 449 (3d Cir. 1975). Where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances is shown. *Id.; see also Drayton v. Hayes,* 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right

claimed…would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

There is no record that Jackson has exhausted his state court remedies by judicially challenging the competency hearing findings or the failure to release him.  Moreover, Jackson has raised no exceptional circumstances for interfering with the Carroll County criminal case at this time.

Therefore, any "habeas" challenge to his continued detention is premature.[2]  A separate Order follows dismissing this case without prejudice.[3]


Date: June 24, 2015                         _____/s/_____
                                            RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE

---

[2]    The Writ of Error Coram Nobis is an extraordinary remedy which may be used to correct a fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted); *see also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012).  Relief is limited to those petitioners who are no longer in custody pursuant to their convictions.  *See Carlisle v. United States*, 517 U.S. at 416, 429 (1996).  Further, relief is not available when there is an alternative remedy, such as habeas corpus.  *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252.  Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue.  *See* 28 U.S.C. § 1651 (2006); *United States v. Morgan*, 346 U.S. 502, 512-513 (1954).  The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.  Although Jackson appears to seek coram nobis relief, he has not demonstrated that he qualifies for such a remedy.

[3]    Jackson has submitted neither the $5.00 habeas corpus filing fee nor an indigency motion. Given the dismissal of this case, he shall not be required to cure this omission.